**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| REBECCA PAEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No.: _____ |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| Defendant. § | |

## WAL-MART STORES TEXAS, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** WAL-MART STORES TEXAS, LLC ("Walmart") and files it's Notice of Removal pursuant to 28 U.S.C. § 1441 based on diversity of citizenship jurisdiction, and in support of the same, would respectfully show the Court as follows:

### I.
### FACTUAL BACKGROUND

1. This lawsuit was originally filed on October 5, 2020 under Cause No. 2020DCV3210, and styled *Rebecca Paez v. Wal-Mart Stores Texas, LLC*, in the County Court at Law No. 6 of El Paso County, Texas (hereinafter the "State Court Action").

2. A true and correct copy of the docket sheet from the State Court Action is attached to this Notice as "Exhibit A." Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders in the State Court Action are being attached to this Notice as "Exhibit B."

3. Plaintiff asserts a Texas state law claim for premises liability, alleging that while on Walmart's premises, she "tripped on what appeared to be a piece of rebar in the walkway." *See* Ex. B, Pl.'s Orig. Pet. at ¶ 9.

4. Plaintiff seeks damages for past and future: medical care/expenses, pain and suffering, impairment and mental anguish, in amount "of more than $1,000,000." *Id.* at ¶ 5, 16.

## II.
## BASIS FOR REMOVAL

5. This case is being removed on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a). Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending. *See* 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state. *See* 28 U.S.C. § 1332(a)(2).

6. Plaintiff was a Texas citizen at the time that she filed this lawsuit and is currently a Texas citizen. *See* Ex. G-H. Plaintiff has lived at 10448 Zach Road, Socorro, Texas 79992 for approximately the last three years and held a Texas Driver's License both at the time that this lawsuit was filed and at the present time. *Id.*

7. On the contrary, Defendant Walmart Stores Texas, LLC is not a Texas citizen. That is, Walmart Stores Texas, LLC is a limited liability company which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. Wal-Mart Real Estate Business Trust is the sole member of Walmart Stores Texas, LLC. Wal-Mart Property Co. is the sole unit holder of Wal-Mart Real Estate Business Trust. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a limited partnership which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. WSE Management, LLC is the sole general partner, and WSE Investment,

LLC is the sole limited partner, of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both limited liability companies which were formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company whose principal place of business is in Bentonville, Arkansas. Wal-Mart Stores, Inc. (i.e., Walmart Inc.) is the sole member of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. (i.e., Walmart Inc.) is a corporation which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. *See* Ex. D, Affidavit of Edwards; *see also Marquez v. Walmart*, No. 3:18-CV-00302, n. 1 and accompanying main text (W.D. Tex. Jan. 8, 2019) (finding that Walmart Stores Texas, LLC is a citizen of states other than Texas).

8.  Thus, Plaintiff and Walmart are completely diverse.

9.  Further, Plaintiff seeks "over $1,000,000" in damages, an amount over the $75,000.00 threshold under 28 U.S.C. 1332(a). *See* Ex. B, Pl.'s Orig. Pet. at ¶ 5. Accordingly, the amount in controversy requirement of 28 U.S.C. 1332(a) is also satisfied.

10.  Therefore, because Plaintiff and Walmart are completely diverse, and because Plaintiff seeks damages in an amount over $75,000.00, this Honorable Court has jurisdiction over Plaintiff's claim.

### III.
### PROCEDURE

11.  Walmart's Notice of Removal is timely filed. "If the case stated by the initial pleading is *not* removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

removable." 28 U.S.C. § 1446(b)(3). A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Id.*

12. Plaintiff filed the State Court Action on October 5, 2020. Ex. B, Pl.'s Orig. Pet. Defendant was served on October 14, 2020. *See* Ex. C, CT Corporation Service Document.

13. In Plaintiff's Original Petition, Plaintiff listed her address as the address of her law firm, instead of her own. *See* Ex. B, Pl's Orig. Pet at ¶ 2. Thus, Plaintiff's citizenship could not be ascertained. In turn, Walmart served Plaintiff with Requests for Admission and Interrogatories for the sole purpose of ascertaining Plaintiff's citizenship on November 6, 2020. *See* Ex. E-F. Plaintiff served her answers/responses to Defendant's discovery requests on December 7, 2020. *See* Ex. G-H. It was on December 7, 2020 that for, the first time, it was ascertainable that Plaintiff was a citizen of Texas. *Id.* Accordingly, because less than thirty (30) days have elapsed since December 7, 2020, Walmart's Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

14. Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as El Paso is the District and Division where the State Court Action is pending.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give all Parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where the State Court Action is currently pending.

## IV.
### JURY DEMAND

16. Walmart asked for a state court jury trial and asks for a jury trial in this Court.

**WHEREFORE, PREMISES CONSIDERED,** Walmart prays that this matter be placed on the Court's docket and for any other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
Email: enriquez@mgmsg.com
Email: mundell@mgmsg.com

By: _____
**Laura Enriquez**
State Bar No. 00795790
**Cal Mundell**
State Bar No. 24109059

Attorneys for Walmart Stores Texas, LLC

**CERTIFICATE OF SERVICE**

In compliance with the Federal Rules of Civil Procedure, I certify that on the 29 day of December, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Peter J. Rutter
The Cain Law Firm, P.C.
111 S. Houston Street
Granbury, Texas 76048
(817) 573-4300

_____
**Cal Mundell**

5