El Paso County - County Court at Law 6

Filed 10/5/2020 8:59 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3210

CAUSE NO. _____

| | | |
|---|---|---|
| REBECCA PAEZ, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| **Defendant.** | § | EL PASO COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION AND
## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, **REBECCA PAEZ,** (hereinafter "Plaintiff"), complaining of and about **WAL-MART STORES TEXAS, LLC** (hereinafter "Defendant"), and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.    Plaintiff is an Individual whose address is c/o The Cain Law Firm, P.C., 111 S. Houston Street, Granbury, Hood County, Texas 76048.

3.    The last three numbers of Plaintiff's social security number are 591.

4.    Defendant, **WAL-MART STORES TEXAS, LLC** is a Delaware Corporation whose registered agent for service of legal process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of suit to Defendant can be effected via *certified mail,*

---



EXHIBIT
B

*return receipt requested*, upon it's registered agent **CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.**

## JURISDICTION AND VENUE

5.　　Plaintiff seeks damages within the jurisdictional limits of this court of more than $1,000,000 at the time of filing this suit, which, with the passage of time may change.

6.　　This court has jurisdiction over the parties because Defendant is a corporation conducting business in Texas and likewise is registered with the Texas Secretary of State.

7.　　Venue in El Paso County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8.　　On or about August 31, 2019, Plaintiff went shopping as a customer at the Neighborhood Wal-Mart store located at 10301 Alameda Avenue, Socorro, El Paso County, Texas.

9.　　As Plaintiff was leaving the Wal-Mart store, she tripped on what appeared to be a piece of rebar in the walkway.  Plaintiff fell causing injury to her back, neck, right leg, and body generally.

10.　　Defendant failed to make safe and/or properly warn Plaintiff of the unsafe walkway.

## DEFENDANT'S LIABILITY

11.　　At all times mentioned herein, Defendant owned the store located at 10301 Alameda Avenue, Socorro, El Paso County, Texas.

12.     At all times mentioned herein, Defendant had such control over the premises and that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

13.     The Defendant, its agents, servants, and employees negligently permitted the dangerous condition that forms the basis of this incident, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the unsafe walkway. This hazard despite the fact that Defendant and or its agents knew or should have known of the existence of the aforementioned dangerous condition and that there was likelihood of a person being injured as occurred to Plaintiff.

14.     Furthermore, Plaintiff would show that the hazardous walkway had continued for such period that, had Defendant or its agents exercised ordinary care in the maintenance of the area, it would have properly warned its customers, or simply corrected or been made safe by such persons.

15.     At all times pertinent herein, Defendant and any of its agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

A.     Failing to maintain the store premises in a reasonably safe condition;

B.     Failing to give adequate and understandable warnings to Plaintiff of the hazardous walk way;

C.     Failing to give adequate warning to Plaintiff that the walk way was unsafe;

D.     Failing to remedy the dangerous condition that caused the fall and damages; and

E.     Failing to maintain the dangerous condition in question in a reasonably safe condition or manner.

## PLAINTIFF'S DAMAGES

16.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff was caused to suffer injuries and damages, set out as follows:

A.     Reasonable medical care in the past;

B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering which, in all reasonable probability, will be suffered in the future;

E.     Physical impairment in the past;

F.     Physical impairment which, in all reasonable probability, will be suffered in the future;

G.     Mental anguish in the past; and

H.     Mental anguish which, in all reasonable probability, will be suffered in the future;

## REQUESTS FOR DISCLOSURE

17.     Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendant

disclose, within 50 days of the service of this request, the information or material described in

Rule 194.2.

## NOTICE PURSUANT TO TRCP 193.7

17.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff gives notice to Defendant

that any and all documents produced during discovery by Defendant may be used against the

Defendant, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of

authenticating the document.

### *RESPONDEAT SUPERIOR*

18.     Each act of Defendant's employees set out herein was in the course and scope of employment at the time of the actions complained of herein above.

### RULE 28 DEMAND

19.     Pursuant to Rule 28 of the Texas Rules of Civil Procedure, if some other individual(s), partnership(s), corporation(s), association(s), or business entity(s) of any type are owned and/or operated under the name or names of the Defendant, Plaintiff hereby demands that the appropriate entity be substituted.

### JURY DEMAND

20.     Plaintiff demands a trial by jury.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,


*/s/ Peter J. Rutter*
**PETER J. RUTTER**
Texas Bar No. 00791586
E-Mail: pete@cainfirm.com
E-Service: eservice@cainfirm.com

**THE CAIN LAW FIRM, P.C.**
111 S. Houston Street
Granbury, Texas 76048
Telephone: (817) 573-4300
Facsimile:  (817) 573-4848

**ATTORNEY FOR PLAINTIFF**


**TO DEFENDANT:**   This is a legal document which is extremely time sensitive.
You should **IMMEDIATELY** forward a copy of this document
to your insurance agent or representative to secure coverage.

---

## DEFINITIONS AND INSTRUCTIONS

1.   **"DOCUMENTS"**.  When the word "document(s)" or "documentation" is used in these discovery requests, it means any written, typed, printed, graphic or photographic matter, or sound reproductions however produced or reproduced, including copies of computer or data processing input or output in whatever form, including electronic and magnetic data. Without limiting the generality of the foregoing, all letters, telegrams, cables, wires, notes, memoranda, accounts, ledgers, books, statements, draft s, transcripts, agreements, contracts, policies, minutes, records, diaries, journals, logs, manuals, calendars, governmental forms, computer or data processing input or output, maps, plats, moving or still pictures, diagrams, plans, drawing s, specifications, measurements, microfilm, written statements or reports, recordings, e-mail reduced to hard copy, samples or other physical objects of whatever nature now or formerly in the possession, custody or control of the party to whom these Discovery Requests are directed.

A.   The terms **"writing"** or **"written"** are intended to include, but not necessarily be limited to the following: hand writing, typewriting, computer printouts, printing, photographing, e-mail reduced to hard copy, and every other means of recording upon any tangible thing or any form of communication , including letters, words, pictures, sounds or symbols or combinations thereof; and it further includes any oral communications later reduced to writing or confirmed by a letter.

B.   Whenever the identification of documents or objects is called for in these discovery requests, the party to whom these discovery requests are directed shall provide the date of the document, model and serial number of the object, if .any, the brand of the object, name of manufacturer and date of manufacture. In lieu of identification as stated above, Defendant may produce for inspection and copying such documents or objects and/or manuals identifying such objects.

C.   With regard to documents requested to be produced, please produce the original of said documents for inspection and copying or provide complete and clear legible copies of same with immediate opportunity to review the originals.

D.    If the party to whom these requests are directed contends that the content of a document is protected from disclosure by virtue of a privilege, or if the party objects to such discovery on any other grounds, it is intended and requested that the party shall, nevertheless, with respect to such document or answer requested, provide a description thereof, including:

    (1)    A statement of the privilege or objection whereby they contend that such discovery is protected from disclosure;

    (2)    Each and every fact upon which they rely to support such claim of privilege or objection;

    (3)    The type of document (e.g., letter, memorandum, telegraph, telefax, note);

    (4)    The date of each such document or writing;

    (5)    The author of each such document or writing;

    (6)    The person or persons to whom each such writing or document was directed;

    (7)    The person or persons to whom each such writing or document was supplied; and

    (8)    The general subject matter of each such document or writing.

2.    **"IDENTITY" "IDENTIFY" or "IDENTIFICATION":**

A.    **When used in reference to a natural person,** "identity" "identify" or "identification" means to state his or her full name and present or last known address, present employer (if employed by the party to whom this Discovery is directed, then identify the particular organization for whom he or she worked), present employer, specifying in each instance the title or position and the dates so held.

B.    **When used with respect to a document,** "identity", "identify" or "identification" means to state the date, subject and substance, author, all recipients, type of document (e.g., letter, telegraph, memorandum, computer printout, sound reproduction, chart, etc.), its present location and the identity of its present custodian. This shall include documents with respect to which a privilege is or may be claimed, if such document was, but no longer is, in your possession or subject to your control, state whether it is (1) missing or lost; (2) has been destroyed; (3) has been transferred voluntarily to others; or (4) has

been otherwise disposed of. In each such instance explain the circumstances surrounding an authorization for such disposition.

C.   **When used with respect to an occasion, event, meeting or conversation,** "identity", "identify" or "identification" means to state the date, place, duration and persons attending or participating.

3.   **"PERSON" or "PERSONS"** includes natural persons, including agents, servants and/or employees of this Defendant, firms, partnerships, associations, joint ventures, corporation and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

4.   "WALMART" shall mean and refer to Defendant Wal-Mart Stores Texas, LLC.

5.   **"ACCIDENT," "THE INCIDENT" or "THE OCCURRENCE IN QUESTION"** means the incident made the basis of this lawsuit that occurred on or about August 31, 2019 as more fully set out in Plaintiff's Original Petition.

6.   **"THIS SUIT," "THIS LAWSUIT," or "THE LAWSUIT"** shall mean the lawsuit referenced in the above-entitled and numbered cause.

In the event that your answer to any discovery request is "not applicable" or any similar phrase or answer, please explain in detail why that discovery request is not applicable.

In the event that your answer to any discovery request is "don't know" or "unknown" or any similar phrase or answer, please explain in detail all efforts made by you or your attorneys or representatives to obtain the response to that discovery request.

When a discovery request asks that you or your attorney provide information concerning what a witness may testify about, that request is int ended to elicit a summary of any and all information that any witness may have provided to you regardless of whether they may so testify at trial.

These discovery requests should be deemed continuing in nature and you are requested to update your responses periodically to reflect any information obtained after the discovery request s are initially responded to, to include all information up to, and including, the date of trial in this action, in accordance with the Texas Rules of Civil Procedure.

Unless otherwise stated, answers to these discovery requests shall be given for the time period ending with the date answers or responses hereto are served. To the extent that such answers or responses may be enlarged, diminished or otherwise modified by information acquired or discovered by you subsequent to service of initial answers or responses, you are directed to promptly thereafter serve supplemental answers or responses reflecting such information.

You are further notified that your answers and responses to these discovery requests may be offered in evidence at the trial of this case. You are further advised that your answers or responses to these requests must be supplemented (not less than 30 days prior to the beginning of trial) when you obtain information upon the basis of which:

(1)   You know an answer or response was incorrect when made or incomplete when made;

(2)   You know that the answer or response, though correct when made, *is* no longer true and complete, and the circumstances are such that to fail to amend your answers or responses would be, in substance, misleading; or

(3)   If the party expects to call an expert witness whose identity and subject matter of such witness testimony has not been previously disclosed in response to an appropriate discovery request, such answer must be supplemented and/or amended to include the name, address and

telephone number of the expert witness and the substance of the expert witness' expected testimony. This should be done as soon as practical, but in no event less than thirty (30) days prior to the beginning of trial except for good cause granted by leave of Court.

**Document Authentication.** We will assume that each document you produce is authentic. We hereby notify you that we will use each document you produce in pretrial proceedings or at trial. If you contend a document you produce to us is not authenticated, within 10 days after you produce the document, you must serve us with your specific objection to the authenticity of the document. Your objection must be either on the record or in writing and must have a good faith factual and legal basis. Your objection to the authenticity of only part of a document does not affect the authenticity of the remainder. If you make an objection, we hereby request a reasonable opportunity to establish its authenticity and to inspect the original document. TRCP 193.7 and 196.3(b).

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT, WAL-MART STORES TEXAS, LLC**

1.  All reports/documents/notes/electronic messages (emails, faxes, texts, inter-company communications) that will identify and/or state the name, address and telephone number of all persons/entities/companies that were in any way responsible for and/or had control over the alleged dangerous condition at the time of the subject matter occurrence in question, August 31, 2019.

2.  All contracts, work orders, purchase orders, work authorizations of Walmart reports/documents/notes./electronic messages (emails, faxes, texts, inter-company communications) that will identify and/or state the name, address and telephone number of all persons/entities/companies that were in any way responsible for and/or had control over the alleged dangerous condition (loose, exposed wires in the parking lot) at the time of the subject matter occurrence in question on August 31, 2019.

3.  Any and all photographs, slides, motion pictures, videotapes and other films that captured or were produced as result of the incident made the basis of this suit.

4.  All records of any type indicating that there were any structural or cosmetic problems or repairs concerning the area in question during the ten years preceding the incident made the basis of this suit.

5.  Any and all accident or incident reports prepared in connection with the incident in question that occurred on August 31, 2019.

6.  All exhibits Defendant will introduce at trial.

7.  All records obtained from claims, reporting services, including but not limited to the Southwest Index Bureau (SWIB) and Choicepoint Consumer Center (CLUE), regarding the Plaintiff.

8.  Produce copies of any and all documentation of qualifications (*for example*: initial application, employment file, training classes, accreditations as a manager and experience) to be a manager for the most senior manager on duty on August 31, 2019.

9.  The Defendant's claim file(s) relative to the claim made the basis of this suit, prepared and compiled up to the date this suit was filed in this Court, including but not limited to all notes, records, entries, documents, memos, correspondence, photographs, videotapes, and written information contained therein.

10. All documents which Defendant may use under Texas Rules of Evidence to impeach testimony given by Plaintiff or other witnesses in this case.

11. All documents reflecting medical reviews or audits conducted on Plaintiff's medical treatment or expenses, including correspondence between Defendant and/or his insurance company and counsel and medical review personnel.

12. All accident reconstruction reports prepared by or for Defendant in connection with the incident made the basis of this suit.

13. Documentation of any payments made to Plaintiff in connection with the incident made the basis of this suit.

14. For each consulting expert whose work product or opinions have been reviewed or relied upon by a testifying expert in this case, please produce all documents reflecting the expert's name, address and telephone number and the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, the expert's current resume and bibliography, and all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared for the consulting expert in connection with this case.

15. Documents sufficient to identify each claim made against Defendant in the last five years that are similar to the claims made by Plaintiff (*for example:* where an individual is alleged to have been injured as a result of Defendant's negligence).

16. Copies of all procedures or manuals used in evaluation of Plaintiff's claim used by Defendant, his employees, agents, or representatives, made the basis of this lawsuit.

17. Produce a full and complete certified copy of all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

18. Produce a full and complete certified declaration page for all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or time of the occurrence in question.

19. Produce a full and complete copy of all applications for all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

20. Produce a full and complete certified copy of all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

21. Produce a full and complete certified declaration page for all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant

is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

22.  Produce a full and complete copy of all applications for all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

23.  Produce a full and complete certified copy(s) of any and all insurance agreements and/or policies, including, but not limited to, primary, umbrella, personal umbrella, excess, secondary policies (and including all endorsements, schedules and amendments) applicable to the date, incident or claims in question (regardless of whether on a claims made or occurrence basis) potentially obligating any insurance company(s) to pay a potential judgment in this case for the claims asserted against Defendant.

24.  In the event the claims upon which the lawsuit is based are being handled by any insurance carrier under a reservation of rights, please produce a full and complete copy of all communications to and from the carriers concerning any and all such reservations.

25.  In the event the pertinent policies are aggregate policies and the annual aggregates have been reduced, please produce a copy of any and all settlement documents and/or agreements relevant to the payment of such claims that have caused any reduction of such aggregates.

26.  In the event the pertinent policies are "wasting" policies (for example, the payment by the insurance carrier of the defense attorney's fees and costs and expenses reduce the available liability policy limits), please produce a copy of any and all documents, invoices, receipts and canceled checks relevant to the payment of such defense litigation costs and expenses that have caused any reduction of such liability policy limits.

27.  Full and complete copies of any and all documents and records concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

28.  Full and complete copies of any and all medical records and information concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

29.  Full and complete copies of any and all depositions on written questions including all exhibits, records and documents and things attached thereto from any person, company, entity, or source obtained by and/or in the possession of Defendant from any source concerning any issue or party or witness or potential witness in this case.

30.  Full and complete copies of any and all employment records and documents concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

31.  Full and complete copies of any and all medical information and/or records and/or documentation, including but not limited to medical records, medical expenses, x-rays or

any other diagnostic test, employment records, criminal records, social security records, divorce/family law related records, educational records, unemployment records, disability records, health insurance records and/or any other insurance records or information, concerning the Plaintiff that were obtained by and/or in the possession of Defendant through deposition, deposition on written questions, subpoena, court order, authorization or any other source.

32.    Produce documents of any investigation, reports and/or memoranda made by or submitted to you, as a result of the injury which has been made the basis of Plaintiff's lawsuit.

33.    Produce copies of all written documents of Defendant's policies and procedures that were in effect at the time of the incident made the basis of this suit.

34.    Produce copies of all documentation, training manuals, policy manuals, employee guidelines or other documents, maintained by you that relate to Defendant's care and maintenance of its walk ways at the time of the incident made the basis of this suit.

35.    Produce copies of all documentation evidencing or reflecting any type of safety audit, maintenance audit, safety survey, safety assessment or similar type procedures relating to the Defendant's care and maintenance of its walk ways at the time of the incident made the basis of this suit.

36.    Produce a copy of any manual and/or written guidelines relating to the care and maintenance of its walk ways that were published by any professional or trade organization.

37.    Produce documentation of any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for Defendant's care and maintenance of its walk ways in effect at the time of the incident made the basis of this suit.

38.    Produce copies of all documents evidencing or reflecting the person, entity, corporation and/or partnership, which owns, operates and controlled Defendant at the time of the incident made the basis of this suit.

39.    Please produce any and all documents that show that you met your own policies, procedures, rules, regulations, guidelines, protocols, and directives or otherwise ensured that the subject area where Plaintiff fell was properly inspected, managed, and maintained on August 31, 2019.

40.    Please produce copies of any and all log books, trip sheets, and any and all other documents of any kind or by any other name which reflect inspecting, managing, and maintenance of the area of the subject where Plaintiff fell within one year before the fall of August 31, 2019.

41. Please produce any employee handbooks, policy or procedure manuals, videotapes, motion pictures, movies, and materials of any other name that are related to Defendant's policies regarding safety, proper training, testing, hiring, retention, interviewing, or anything else related to the subject area of the premises where Plaintiff was hurt on the date of the subject fall was safe, with regard to fall prevention.

42. Please produce all records, documents, correspondences, and memoranda regarding any changes and/or modifications made to the subject area since the time of the occurrence described in the complaint.

43. Please produce any and all manuals, brochures, policies and procedures, correspondence, notes, memoranda, notices, bulletins, and other documents distributed to defendant's employees regarding safety policies and procedures applicable to the subject premises on August 31, 2019.

44. Please produce all company manuals, employee handbooks, policy and procedure manuals, memoranda, booklets, pamphlets, user guides, instructions, operator manuals, video(s) and other audio and written materials that were being used for training defendant's employees regarding fall prevention at the time of the subject occurrence.

45. Please produce all safety notices, warnings, bulletins, and other similar documents distributed to personnel of Defendant in which the subject matter is fall prevention and/or falls.

46. Please produce any and all studies, articles, memos, and other documents in your possession, custody, or control on and before August 31, 2019, regarding the risk loss associated with falls.

47. Please produce copies of all inspection reports that include the subject area since the date you opened for business.

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **WAL-MART STORES TEXAS, LLC**, which may be served with process by serving its registered agent, CT CORPORATION SYSTEM at 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and First Requests for Production of Documents** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on 5th day of October, 2020 by Attorney at Law PETER JOHN RUTTER, 111 S HOUSTON STREET, GRANBURY, TX 76048 in this case numbered 2020DCV3210 on the docket of said court, and styled:

## REBECCA PAEZ vs. WAL-MART STORES TEXAS, LLC

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and First Requests for Production of Documents** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 8th day of October, 2020

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 East San Antonio Avenue Room F3
El Paso Texas, 79901

_____ , Deputy
JoAnn Acosta

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| ADDRESS | | |
| CITY | STATE | ZIP |

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on this the 8th day of October, 2020 at 10:24 AM, I mailed to WAL-MART STORES TEXAS, LLC, CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **Plaintiff's Original Petition and First Requests for Production of Documents** attached thereto.

_____

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

    This forwarding address was provided: _____

**ARTICLE NO. : 7160 1019 9040 0431 8589**

**SENT TO:  WAL-MART STORES TEXAS, LLC, CT
CORPORATION SYSTEM, 1999 BRYAN STREET,
SUITE 900, DALLAS, TX  75201**

**POSTAGE: $0.37
FEE: $2.30
RETURN RECEIPT FEE: $1.75**

**DATE SENT: 10/08/2020**

**SENDER'S NAME: Joann Acosta**

**THIS ENVELOPE CONTAINS: Plaintiff's Original
Petition and First Requests for Production of Documents**

El Paso County, Texas

By:_____
      Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____
Notary Public, State of _____
My commission expires:_____

20-20DCV3210

CC6

**COMPLETE THIS SECTION ON DELIVERY**

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK

2020 OCT 23 PM 2: 15

EL PASO COUNTY, TEXAS

BY _____ DEPUTY

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:
WAL-MART STORES TEXAS, LLC
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

2020DCV3210     CC6

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
  Delivery
☐ Return Receipt for
  Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
  Restricted Delivery

9290 9601 0199 0404 3185 82

2. Article Number (Transfer from service label)
7160 1019 9040 0431 8589

PS Form 3811, (facsimile) July, 2015          Domestic Return Receipt

El Paso County - County Court at Law 6

Filed 10/27/2020 9:55 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3210

IN THE COUNTY COURT AT LAW NUMBER SIX
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| REBECCA PAEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2020DCV3210 |
| | ) | |
| WAL-MART STORES TEXAS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WALMART STORES TEXAS, LLC files its Answer to Plaintiff's Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

**I.**

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all material allegations contained in Plaintiff's Petition and demand strict proof thereof as required by law.

**II.**

**DEFENSES**

A.      The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.      To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Petition, which Defendant denies, those injuries and damages were proximately caused by the acts or omissions of persons and/or entities over whom Defendant has no control and for whom Defendant has no liability.

C.      Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.     Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendant.

E.     Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

F.     The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

G.     Defendant pleads Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

H.     Defendant pleads the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

I.     Plaintiff's recovery for lost earnings, lost earning capacity, or other pecuniary loss, if any, must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law pursuant to Tex. Civ. Prac. & Rem. Code Section 18.091(a).

## III.

## AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendant asserts the following affirmative defenses:

A.     Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars recovery or, in the alternative, reduces it proportionately.

B.     To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendant is not responsible for any damages that could have been avoided.

## IV.

## JURY DEMAND

Defendant requests trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays to the Court that it be allowed to go hence without day and with its costs.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By:    /s/ Laura Enriquez
        Laura Enriquez
        State Bar No. 00795790
Attorneys for Defendants

### CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 27th day of October 2020 a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Peter Rutter
The Cain Law Firm P.C.
111 S. Houston Street
Granbury Texas 76048
pete@cainfirm.com
eservice@cainfirm.com

   /s/ Laura Enriquez
Laura Enriquez

El Paso County - County Court at Law 6

Filed 11/6/2020 9:03 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3210

IN THE COUNTY COURT AT LAW NUMBER SIX

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| REBECCA PAEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Cause No. 2020DCV3210** |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## <u>CERTIFICATE OF WRITTEN DISCOVERY</u>

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, WAL-MART STORES TEXAS, LLC, Defendant in the above-entitled and numbered cause, and submits its Certificate of Written Discovery regarding the following written discovery requests:

1.  Defendant's First Set of Interrogatories; and

2.  Defendant's First Requests for Admissions to Plaintiff.

**WHEREFORE PREMISES CONSIDERED**, Defendant respectfully prays that the Court and all parties take notice of the above and foregoing Certificate, and service of the above-referenced discovery requests, and that the Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

14475-509/CMUN/1560779

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com


By:   /s/ Laura Enriquez
      Laura Enriquez
      State Bar No. 00795790

      Attorneys for Defendant WAL-MART
      STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 6th day of November 2020 a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Peter Rutter
The Cain Law Firm P.C.
111 S. Houston Street
Granbury Texas 76048
pete@cainfirm.com
eservice@cainfirm.com


                              /s/ Laura Enriquez
                              Laura Enriquez