UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| REBECCA PAEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | EP-20-CV-00321-DCG |
| | § | |
| WAL-MART STORES, TEXAS, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wal-Mart Stores Texas, LLC's "Motion for Summary Judgment" ("Motion") (ECF No. 33). Plaintiff Rebecca Paez filed a Response to Wal-Mart's Motion. ECF No. 37. Wal-Mart did not file a reply brief. After giving due consideration to the Parties' arguments and evidence, the Court GRANTS IN PART and DENIES IN PART Wal-Mart's Motion.

### I.   BACKGROUND[1]

#### A. Factual Background

On August 31, 2019, Paez was leaving a neighborhood Wal-Mart store in Socorro, Texas. Resp. at 4; Resp. Ex. C at 25:8-10, 22-23 (deposition transcript). She exited through the Store's only set of doors and proceeded onto the parking lot's pedestrian crosswalk. Resp. at 4; Resp. Ex. A at 1:00:03–1:00:07 (video of incident); Resp. Ex. C at 28:4-6. That crosswalk had a defect. Exposed was the vertical end of a piece of steel reinforcing bar (or rebar) embedded in the asphalt.[2] Resp. Ex. B (photo of exposed rebar) & Resp. Ex. D at 3–4 (preliminary expert

---

[1] The facts are undisputed unless stated otherwise.

[2] Evidence at this time does not establish to what extent the rebar was protruding from the surface plane of the asphalt. But Paez's preliminary expert report suggests that "[i]t was most likely protruding from the asphalt surface to a degree sufficient to create an unreasonable tripping hazard." Ex. D at 4. Wal-Mart did not file any reply brief and did not dispute the preliminary expert report.

report). Paez tripped over the exposed rebar and fell to the ground. Resp. Ex. A at 1:00:03–1:00:07; Resp. Ex. C at 28:17-19. Paez contends, but does not offer evidence in support, that the fall caused injuries "to her back, neck, right leg, and body generally." Am. Compl. ¶ 4; Resp. at 10–11.

### B. Procedural Background

On October 5, 2020, Paez filed a petition against Wal-Mart in El Paso County Court. ECF No. 1–4. Wal-Mart removed the case to federal court on December 29, 2020. ECF No. 1. Two months later, Paez filed her Amended Complaint. ECF No. 10. Wal-Mart filed its Motion for Summary Judgment on December 7, 2021. Paez filed her Response and associated evidence on January 17, 2022. Wal-Mart did not file a reply in support of its Motion.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations omitted); *Roy v. City of Monroe*, 950 F.3d 245, 254 (5th Cir. 2020). And a dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357–58 (5th Cir. 2017).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986)) (cleaned up). "Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *McCarty*, 864 F.3d at 357 (cleaned up). The burden of showing "specific facts" that establish a "genuine issue concerning every essential component of the case" cannot be met "by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.* (cleaned up).

In ruling on a motion for summary judgment, "courts must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020). Courts, however, "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (internal quotations omitted). That is, courts refrain from "determine[ing] the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, "the evidence of the nonmovant is to be believed." *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018) (cleaned up). Though the court "need not credit evidence that is 'merely colorable' or not significantly probative." *Id.* (quoting *Anderson*, 477 U.S. at 249–50).

### B. Analysis

Paez asserts that Wal-Mart was negligent because it failed to maintain a safe premises or warn about the alleged condition causing injury—the exposed rebar. *See generally* Am. Compl. ¶ 15. There are two distinct theories of premises liability based in negligence: those "arising from an activity on the premises, and that arising from a premises defect."[3] *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *State v. Shumake*, 199 S.W.3d

---

[3] Texas substantive law applies because this case is here on diversity jurisdiction. *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003).

279, 284 (Tex. 2006) (recognizing distinct claims). Shorthand for these theories of negligence: "negligent activity" and "premises defect," respectively. *E.g.*, *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (negligent activity) *and Shumake*, 199 S.W.3d at 284 (premises defect). Paez defends only against a premises defect claim.[4] *See generally* Resp. at 6–10.

To prevail on a premises defect claim, a plaintiff must establish:

(1) the property owner had actual or constructive knowledge of the condition causing injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014) (per curiam).

On its Motion, Wal-Mart attacks only the knowledge element. That is, Wal-Mart asserts that there is no evidence that it had actual or constructive knowledge of the rebar. Mot. at 7. Wal-Mart does not challenge the existence of a genuine issue of material fact as to the remaining elements in Paez's premises defect claim. *See generally* Mot. 6–8 (arguing that "there is no evidence of *certain* elements" and addressing only the knowledge element (emphasis added)). Following suit, the Court addresses only the knowledge element of the premises defect claim.

Knowledge can be actual or constructive. "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could

---

[4] In her Amended Complaint, Paez does not specifically state the claims (or legal theories) under which she seeks relief. *See generally* Am. Compl. That left Wal-Mart guessing. When Wal-Mart filed its Motion, it assumed Paez was asserting both a negligent activity and premises defect claim. *See generally* Mot. But when Paez responded to Wal-Mart's Motion, she addressed only a premises defect claim. *See generally* Resp. She did not connect any evidence to a possible negligent activity claim. *See generally id.* So to the extent that Paez sought to bring a negligent activity claim, she has abandoned it for summary judgment purposes. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163–64 (5th Cir. 1983) (holding that a theory of liability is abandoned when non-movant fails to raise facts that would tend "to establish the existence of a genuine issue of fact" as to that theory of liability and "completely fail[s] to refer to [their] alternative theories of recovery"); *cf. Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

develop over time." *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414–15 (Tex. 2008). Actual knowledge may arise when, for example, the premises owner created the dangerous condition, *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002), the premises owner has previously received reports of the dangerous condition, *e.g.*, *Duncan v. First Tex. Homes*, 464 S.W.3d 8, 16–17 (Tex. App. 2015), or employees of the premises owner actually saw the dangerous condition, *see, e.g.*, *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 646 (Tex. App. 2005).

"Constructive knowledge is a substitute in the law for actual knowledge." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). Constructive knowledge of the dangerous condition exists if "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Reece*, 81 S.W.3d at 814; *Daenen*, 15 S.W.3d at 102–03.

Temporal evidence is the touchstone of constructive knowledge. *Reece*, 81 S.W.3d at 815–16. "[T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner." *Id.* at 816. The question is whether there was sufficient time for the premises owner to have "a reasonable opportunity to discover and remedy the dangerous condition." *Id.* "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending on the circumstances." *Id.* Other circumstantial evidence—such as proximity evidence—is thus highly relevant. *See id.* For instance, the proximity of an employee to dangerous condition, and the (in)conspicuousness of that condition, may "affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.*

Turning to this case, Wal-Mart unsurprisingly argues that there no evidence that it had actual or constructive knowledge of the exposed rebar. It contends that "[t]here is no evidence that Wal-Mart actually knew" about the rebar; that there is no "evidence that Wal-Mart created the alleged dangerous condition"; and that "there is no evidence of how long the alleged dangerous condition existed." Mot. at 7. Not so, says Paez. Though Paez's response is somewhat unclear about whether she contends that Wal-Mart had actual knowledge, she points to evidence in support of her general claim that Wal-Mart had knowledge (whether actual or constructive) of the exposed rebar. Resp. at 8–9.

That evidence? First, the rebar was permanent, unlike a substance or item that is the typical culprit of a slip-and-fall, which, Paez contends, suggests that Wal-Mart itself (or someone under its control) created the condition. *See* Resp. at 8; Resp. Ex. D at 5. Second, the rebar was in the crosswalk, suggesting, as Paez would put it, that a Wal-Mart employee would have seen it at some point. Resp. at 8; Resp. Exs. A & B. Third, a Wal-Mart employee walked in close proximity to the rebar at least three times in the hour prior to Paez's fall. Resp. Ex. A at 0:01:04; 0:50:47; 0:55:43. Fourth, Wal-Mart was able to locate and photograph the rebar without Paez present. Resp. at 8–9; Resp. Ex. B. Fifth, and finally, Paez retained an expert who expresses the opinion that, among other things, the rebar was likely installed by Wal-Mart or at the direction of Wal-Mart; the rebar was painted white, like the stipes in the crosswalk, which the expert suggests is evidence that Wal-Mart knew or should have known about the exposed rebar; the white paint was weathered and worn, indicating that the rebar had been exposed for a while; and the presence of the rebar in the crosswalk "would be readily visible and obvious to a properly trained individual performing a proper regular periodic inspection." Resp. Ex. D at 5; *see also* Resp. Ex. B.

Paez has pointed to ample evidence outside of the pleadings. Viewing that evidence in the light most favorable to her, and drawing all reasonable inferences in her favor, the Court concludes that Paez has carried her burden of establishing that a genuine dispute exists as to whether Wal-Mart had actual or constructive knowledge of the exposed rebar that allegedly caused Paez to trip, fall, and get injured. For example, she has shown that a genuine dispute exists as to whether Wal-Mart employees actually saw the exposed rebar prior to the incident, *see* Resp. Ex. A, which raises a genuine dispute about whether Wal-Mart had actual knowledge of the exposed rebar, *see Hall*, 177 S.W.3d at 646. She also points to expert evidence that suggests Wal-Mart, or someone under Wal-Mart's direction, created the conditions that led to the exposed rebar. Resp. Ex. D at 5; *Reece*, 81 S.W.3d at 814 (creating dangerous condition may satisfy knowledge element).

Moreover, Paez identifies evidence creating a genuine dispute about whether Wal-Mart had constructive knowledge of the exposed rebar. A reasonable jury may find that the evidence shows that the rebar had been exposed long enough for Wal-Mart to have had "a reasonable opportunity to discover and remedy [the issue]." *Reece*, 81 S.W.3d at 816. That same jury may also find that Wal-Mart employees' proximity to the exposed rebar supports the argument that Wal-Mart should have discovered the exposed rebar. In sum, Paez has "go[ne] beyond the pleadings and designate[d] specific facts showing that there is a genuine issue" about whether Wal-Mart had knowledge of the exposed rebar. *McCarty*, 864 F.3d at 357 (cleaned up).

### III.   CONCLUSION

**IT IS ORDERED** that Wal-Mart Stores Texas, LLC's "Motion for Summary Judgment" (ECF No. 33) is **GRANTED IN PART and DENIED IN PART**. Wal-Mart's Motion for Summary Judgment on Paez's negligent activity claim, to the extent she asserted that claim, is

**GRANTED** for the reasons stated above. *Supra* at 4 n.4. Wal-Mart's Motion for Summary Judgment on Paez's premises defect claim is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Rebecca Paez's negligent activity claim, to the extent she asserted that claim, is **DISMISSED**.

So ORDERED and SIGNED this 22nd day of March 2022.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE