UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| REBECCA PAEZ,<br><br>   *Plaintiff*,<br><br>v.<br><br>WAL-MART STORES TEXAS, LLC.,<br><br>   *Defendant*. | §<br>§<br>§<br>§  EP-20-CV-00321-DCG<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rebecca Paez and Defendant Wal-Mart Stores Texas, LLC both move to amend the final judgment the Court previously entered in this case. The Court DENIES Plaintiff's motion and GRANTS Defendant's motion.

### I. BACKGROUND

After a jury trial, the Court issued final judgment on July 6, 2022. ECF No. 106. Plaintiff now moves under Rule 59(e) of the Federal Rule of Civil Procedure to amend the final judgment. ECF No. 108. Defendant responded to Plaintiff's motion. ECF No. 110. Defendant also submitted objections to Plaintiff's proposed judgment, ECF No. 107, which the Court will construe as a motion to amend the final judgment because it calls into question the correctness of the judgment. *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 918 (5th Cir. 1996) (courts can construe post-judgment filings as motions to amend judgment under Rule 59(e) so long as such filings are timely).

Plaintiff asks the Court to amend the final judgment to (1) calculate prejudgment interest from April 28, 2020 to July 7, 2022 and (2) include recovery of taxable court costs. ECF No. 108 at 1–2. Defendant objects to both requests. ECF No. 110. Defendant asks the Court to

amend the final judgment to clarify that Plaintiff does not recover prejudgment interest on future damages.  ECF No. 107 ¶ 3.

## II.   DISCUSSION

### A.  Prejudgment Interest

"State law governs the award of prejudgment interest in diversity cases" like this one. *Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir. 1994).  The Texas Finance Code provides that prejudgment interest applies to an award from "the earlier of:

  (1) the 180th day after the date the defendant receives written notice of a claim"; or

  (2) the date the plaintiff filed suit

to "the day preceding the date" the court issues judgment.  Tex. Fin. Code § 304.104. "Prejudgment interest may not be assessed or recovered on an award of future damages." *Id.* § 304.1045; *In re Xerox Corp.*, 555 S.W.3d 518, 531 (Tex. 2018).

#### 1.  *Plaintiff's Request to Amend the Prejudgment Interest Dates*

In its final judgment, the Court awarded prejudgment interest from October 5, 2020 (the date Plaintiff filed the action) to July 5, 2022 (the day before final judgment).  ECF No. 106. Plaintiff requests that the Court amend both dates so that prejudgment accrues from April 28, 2020 to July 7, 2022.  ECF No. 108.

##### a.  Request to amend the beginning date

Plaintiff first maintains that April 28, 2020 is the appropriate beginning date because it is 180 days after Defendant acknowledged receipt of Plaintiff's written notice of her claim.  *Id.* at 1–2 (citing Tex. Fin. Code § 304.104); *id.* Ex. A.  The Court selected October 5, 2020 as the initial date because that's when Plaintiff filed her claim in El Paso County Court.  Pet. Removal, ECF No. 1, Ex. B.

Plaintiff submits two documents to support her request. The first is a letter Plaintiff's attorney sent to Defendant in which he notified Defendant that he was "retained to represent [Plaintiff] regarding a premises liability negligence claim," and asked Defendant to "preserve all evidence." ECF No. 108, Ex. A. Assuming the letter constitutes written notice of a claim—and it's unclear it does because the letter asserted no right to be paid or demand for compensation, *Fleming & Assocs., LLC v. Barton*, 425 S.W.3d 560, 577 (Tex. App. 2014) ("A claim is a demand for compensation or an assertion of a right to be paid." (cleaned up))—the Court cannot determine whether the letter is authentic. It's dated July 11, 2022, ECF No. 108, Ex. A, which is well after Plaintiff indicates her attorney sent the letter, *id.* at 1 ("Rebecca Paez gave notice on [] October 15, 2019."), and after the Court held trial in this case and issued the final judgment. Thus, the Court cannot reliably determine whether Plaintiff's attorney provided Defendant written notice of Plaintiff's claim on October 15, 2019.

In any event, the Court need not decide whether this letter proves the date Plaintiff provided written notice of her claim. In her motion, Plaintiff relies on a letter from Defendant, dated October 31, 2019, *id.* Ex. A, as proof Defendant received written notice of her claim, *id.* at 1–2. But Defendant's letter says nothing about receiving a *written* notice of a claim. *Id.* Ex. A. The letter does not even indicate that it is in response to Plaintiff's supposed October 15, 2019 letter. *Id.* While the letter does say "[w]e have been informed that you represent the customer referenced above in a liability claim," and does reference a potential "decision to make payment," *id.*, this language is equally consistent with Plaintiff's attorney notifying the Defendant of Plaintiff's claim verbally rather than in writing. On this record, the Court cannot conclude that Defendant received written notice of Plaintiff's claim. Thus, the appropriate date from which prejudgment interest begins to accrue is October 5, 2020, the day Plaintiff filed suit.

Pet. Removal, ECF No. 1, Ex. B; *Redwine v. Peckinpaugh*, 535 S.W.3d 44, 54 (Tex. App. 2017) ("Since the record does not contain a written notice of a claim, prejudgment interest is calculated from the date on which suit was filed . . . until the date of judgment.").

### b. Request to amend the ending date

Plaintiff also asks the Court to amend the final judgment so that prejudgment interest accrues up to July 7, 2022. ECF No. 108. Plaintiff does not explain why the Court should do so. ECF No. 108. Texas's prejudgment interest statute says that prejudgment interest "end[s] on the day *preceding* the date judgment is rendered." Tex. Fin. Code § 304.104 (emphasis added). The Court issued final judgment on July 6, 2022. ECF No. 106. Therefore, the appropriate ending date for prejudgment interest is July 5, 2022, not July 7, 2022. Tex. Fin. Code § 304.104; *Dall. Cnty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 50 (Tex. App. 2012) ("Prejudgment interest is calculated up to the date of judgment.").

### 2. *Defendant's Request to Amend the Applicability of Prejudgment Interest*

Defendant requests that the Court amend the final judgment to clarify that Plaintiff does not recover prejudgment interest on her future damages award. The jury awarded $122,640.00 in past damages and $1,185,520.00 in future damages. Damages Verdict Form, ECF No. 97, at 2. Because the jury found Defendant 51% negligent and Plaintiff 49% negligent, Liability Verdict Form, ECF No. 91, at 4, Plaintiff's proportional damages award is $62,546.40 (past damages) and $604,615.15 (future damages), for a total of $667,161.60. The Court's final judgment applied prejudgment interest to that total, rather than to past damages alone. In doing so, the Court erred. "Prejudgment interest may not be assessed or recovered on an award of future damages." Tex. Fin. Code § 304.1045. The Court will amend the final judgment to apply prejudgment interest solely to Plaintiff's proportional award of past damages.

**B. Taxable Court Costs**

Rule 54(d) of the Federal Rules of Civil Procedure allows a prevailing party to recover costs. FED. R. CIV. P. 54(d). Title 28, § 1920 of the United States Code sets out the items and services that a court may tax as costs. Any party claiming taxable court costs must support its request with an affidavit. This is a clear statutory requirement:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement *shall attach thereto an affidavit*, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

28 U.S.C. § 1924 (emphasis added).

The statute is non-discretionary; a court cannot grant costs to a party who fails to submit an affidavit that fulfills the requirements of § 1924. *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 779–80 (8th Cir. 2014) ("Because the statute leaves no room for discretion, [the party] is prohibited from receiving an award of costs."); *Davis v. Com. Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990) (upholding denial of costs because affidavit was insufficient); *Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 787 (S.D. Tex. 2007) ("If a party does not set out costs with sufficient particularity, a court may disallow them."). This is because, without an affidavit, a court cannot determine whether the items claimed are correct or were necessarily incurred in the case, or that the party actually and necessarily performed the services in question. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991) (whether an item "was necessarily obtained for use in the case is a factual determination to be made by the district court").

Plaintiff failed to submit an affidavit to support her request for taxable court costs. *See generally* ECF No. 108. She did so even though the Court previously directed Plaintiff to comply with the statutory requirement. Final Judgment, ECF No. 106, at 1–2 ("At this time, the Court DENIES Plaintiff Rebecca Paez's request for recover of taxable court cost because

Plaintiff Rebecca Paez has failed to provide the Court with any support for the requested cost as required by 28 U.S.C. § 1924."). While Plaintiff now provides the Court with receipts for expenses she incurred, she did not provide the required affidavit. *Id.* Without it, the Court is unable to assess allowable costs. For example, the Court does not know whether "ACES Private Investigation Services" were actually and necessarily performed. ECF No. 108 at 12. The Court thus denies Plaintiff's request for recovery of taxable court costs.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff Rebecca Paez's "Motion to Amend Judgment" (ECF No. 108) is **DENIED** and that Defendant's "Objections to Plaintiff's Proposed Judgment" (ECF No. 107), construed as a motion to amend judgment, is **GRANTED**. The Court will separately issue an amended final judgment.

**So ORDERED and SIGNED this 21st day of July 2022.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**