UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| REBECCA PAEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | EP-20-CV-00321-DCG |
| | § | |
| WAL-MART STORES TEXAS, LLC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Wal-Mart Stores Texas, LLC moves for judgment as a matter of law or, in the alternative, a new trial. Mot. J. Matter L., ECF No. 113; Mot. New Trial, ECF No. 114. The Court ORDERS rebriefing on Defendant's Motion for Judgment as a Matter of Law, DENIES in part Defendant's Motion for a New Trial and ORDERS rebriefing on several issues raised in that motion.

### I.   BACKGROUND

The Court held a bifurcated jury trial in this trip-and-fall premises liability action. The jury rendered a liability verdict, finding Defendant 51% negligent and Plaintiff 49% negligent. The jury then rendered a damages verdict, awarding a total of $1,308,160.00.

Relying on several theories, Defendant now moves for judgment as a matter of law or for a new trial. Mot. J. Matter L.; Mot. New Trial. Plaintiff opposes Defendant's motion for a new trial. ECF No. 115. Plaintiff has not yet responded to Defendant's motion for judgment as a matter of law. But the Court need not wait on a response to find that Defendant has waived some arguments and that, for the others, rebriefing is required.

## II. DISCUSSION

A party requesting relief is obligated to explain why the court should do as it asks. *E.g.*, *Coury v. Moss*, 529 F.3d 579, 586–87 (5th Cir. 2008); *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("It is not this court's responsibility to research and construct the parties' arguments."). In practical terms, a party must develop its arguments with citations to law and record evidence. In turn, the court will hear those arguments and make a decision. This division of responsibility finds itself in our adversarial system, which cannot function unless the parties present well-developed arguments supported by authority and record evidence. *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983). Adequate briefing also promotes efficiency. *See Turner Broad. Sys., Inc. v. FCC*, 520 U.S. 180, 224 (1997) (parties' argumentation assists courts in making "informed judgment[s]"); *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1160–61 (10th Cir. 2007) (thoughtful briefing "allow[s] one's adversary to respond to focused argument supported by authority"); *Carducci*, 714 F.2d at 177 (the system relies, "in substantial measure," on the "assistance of counsel"). When a party abandons its obligation to develop its argument, it waives that argument. *E.g.*, *Coury*, 529 F.3d at 586–87.

There are boundless cases from the appellate courts supporting this proposition. *E.g.*, *Willis v. Cleco Corp.*, 749 F.3d 314, 319 (5th Cir. 2014) (civil context); *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (criminal context); *MacArthur*, 495 F.3d at 1160–61 (10th Cir. 2007). The appellate courts ground their decisions on argument waiver in Federal Rule of Appellate Procedure 28(a)(8). Rule 28(a)(8) requires that an appellant's brief contain its "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8). When parties don't follow that rule, they waive arguments. *E.g.*, *Scroggins*, 599 F.3d at 446–47 ("It is not enough to merely

mention or allude to a legal theory." (quoting *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 F. App'x 472, 483 (5th Cir. 2009) (unpublished))); *Willis*, 749 F.3d at 319 (waiver because appellant did "not explain, in any perceptible manner, why the facts would allow a reasonable jury to decide in his favor"); *United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (waiver because appellant did nothing more than "list[] [] points of error").

There is no corollary to Rule 28(a)(8) in the Federal Rules of Civil Procedure. But there is one in the Western District of Texas's Local Rules. Our Local Rules require all motions to "state *the grounds* therefor *and cite* any applicable rule, statute, or other authority justifying the relief sought." W.D. Tex. Loc. Rule CV-7(c)(1) (emphasis added). Albeit worded differently, Local Rule CV-7 imposes the same requirement as Rule 28(a)(8). So, as is the case in the appellate courts, when a litigant fails to develop an argument before this Court, that litigant waives that argument.[1]

Even in the absence of this Local Rule, the Court could still deem undeveloped arguments waived. In our adversarial system, it is a party's obligation—not the courts'—to develop arguments. *E.g.*, *Clayton v. Nationwide Mut. Ins. Co.*, 260 F. Supp. 3d 514, 521 (D.S.C. 2017) ("The court has no obligation to fashion arguments for a party or to further develop a party's argument when it is wholly conclusory, unexplained, and unadorned with citation to legal

---

[1] District courts in the Western District of Texas routinely apply this rule, though they seldom, if ever, cite to the Local Rules. *See, e.g.*, *Olivarez v. Constellation Brands, Inc.*, SA-19-CV-01250-XR, 2021 WL 3726764, at *4 n.10 (W.D. Tex. Aug. 20, 2021); *Padilla v. Saul*, EP-18-CV-00285-RFC, 2019 WL 3358550, at *3 n.3 (W.D. Tex. Jul. 24, 2019); *Bain Enters., LLC v. United Fire & Cas. Co.*, No. EP-14-CV-00472-ATB, 2017 WL 3142472, at *7 (W.D. Tex. Jul. 25, 2017) ("Because [plaintiff] has cited no factual or legal authority for this proposition, the Court deems the argument waived."); *Kenny v. Colvin*, A-15-CV-509-AWA, 2016 WL 1369592, at *5 (W.D. Tex. Apr. 6, 2016); *Niera v. Frost Nat'l Bank*, No. SA-10-CV-0907XR, 2010 WL 5186734, at *7–8 (W.D. Tex. Nov. 19, 2010) ("In the absence of legal analysis supported by record citations, [plaintiff] has presented nothing for our review.").

authority.").[2]  It's fundamental and bears repeating: "The premise of our adversarial system is that [federal] courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci*, 714 F.2d at 177.  When a party submits arguments that are bereft of legal authority and citations to the record, it has failed to develop those arguments.  It has failed to explain *why* a court should rule in its favor.  *Willis*, 749 F.3d at 319.  A litigant must do more.

Turning to Defendant's present motions, the Court concludes that Defendant waived many (but not all) of its arguments.  It must rebrief the ones it has not waived.

### A. Defendant's Motion for New Trial

Defendant moves for a new trial on seven different theories.  *See generally* Mot. New Trial.  The Court denies the motion on many of the theories because Defendant's arguments are undeveloped and thus waived.  On the arguments Defendant preserves, the Court is left wanting. Defendant must rebrief these arguments.  After addressing each theory, the Court will explain which questions Defendant must rebrief.

#### 1. *Whether Damages were Excessive and Whether Remittitur is Proper*

Defendant preserves its argument that damages were excessive and a that new trial or remittitur is warranted.  Defendant alludes to the record, saying that it does not support the damages award.[3]  That gets Defendant through the door.  It's unclear, though, whether

---

[2] *See also Garcia v. Rauch-Milliken Int'l, Inc.*, 5-18-CV-01028-FB-RBF, 2020 WL 7495251, at *4 (W.D. Tex. Oct. 16, 2020); *Grant v. CRST Expedited, Inc.*, 1:19-CV-433, 2020 WL 9720539, at *2 n.2 (E.D. Tex. Dec. 16, 2020); *Gipson v. Berryhill*, No. 4:18-CV-1750, 2020 WL 1659673, at *3 n.5 (S.D. Tex. Mar. 27, 2020); *Murphy v. Davis*, No. 3:09-CV-1368-L, 2017 WL 1196855, at *7 (N.D. Tex. Mar. 31, 2017).

[3] Defendant says:

Here, no medical care or other expenses were submitted.  No disfigurement or impairment was submitted.  No lost earning capacity or lost wages were submitted.  Instead, the only

Defendant argues that there is no evidence to support the jury's award, for which a new trial is the appropriate remedy, and/or whether the award was excessive, for which remittitur is the appropriate remedy.[4]  *Compare* Mot. New Trial at 2 (citation to case for new trial standard) *with id.* at 2–3 (arguing damages award "was far out of proportion to the properly admitted evidence" and that remittitur is proper).  In other words, it's unclear whether Defendant complains of the sufficiency of the evidence or the excessiveness of the jury's award (or both).  In making this argument, Defendant does not cite to the trial record, does not cite case law, other than the out-of-circuit case cited for the standard it says the Court should apply, and makes only conclusory statements.  *See id.*  Defendant must rebrief this issue.

### 2. *Whether Incorrect Evidentiary Rulings were Prejudicial*

Defendant attacks two of the Court's evidentiary rulings: (1) admission of certain testimony from Olivia Beltran[5] and (2) admission of certain testimony from doctors.  Defendant waived its argument about the propriety of the Court's evidentiary ruling on Olivia Beltran's

---

item of damages submitted was physical pain/mental anguish, and an award of $1,308,160 for this sole category was far out of proportion to the properly admitted evidence.

Mot. New Trial at 2.

With respect to remittitur, Defendant also says, "The Court should suggest that Plaintiff accept a remittitur because the jury's award of $1,308,160 is excessive; if Plaintiff refuses, a new trial should be granted." *Id.* at 3.  If the Court did not read Defendant's briefing on the excessiveness of damages together with Defendant's briefing on remittitur, this one sentence would be totally inadequate. *Cf. Willis*, 749 F.3d at 319 (waiver where party did "not explain, in any perceptible manner, why the facts would allow a reasonable jury to decide in his favor").  That's because there is no explanation about *why* the Court should entertain remittitur.

[4] New trial is the appropriate remedy "when a jury verdict results from passion or prejudice," while remittitur is the appropriate remedy when "[d]amages awards [] are merely excessive or so large as to appear contrary to reason."  *Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 178 (5th Cir. 1992); *see also Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 363–64 (5th Cir. 2019).

[5] Olivia Beltran is Plaintiff Rebecca Paez's daughter.  She testified on behalf of Plaintiff during trial.

testimony.  Defendant provides a single sentence,[6] no explanation about why the ruling was in error, no citation to case law, and no citation to the trial record.  Mot. New Trial at 3.  The Court DENIES as undeveloped Defendant's Motion for a New Trial insofar as it argues for a new trial on the ground that the Court improperly allowed testimony from Olivia Beltran.  *See Willis*, 749 F.3d at 319.

Defendant preserves its argument that the Court improperly admitted certain testimony from the doctors.  Defendant argues that "[t]he doctors lacked information on Plaintiff's prior injuries and surgery to [her] back and never reviewed the relevant medical records."  Mot. New Trial at 3.  This gets to the argument about *why* the Court improperly admitted testimony.  This, however, barely preserves the argument.  Defendant did not engage with any case law and did not cite to the trial record.  Defendant must rebrief this issue.

### 3. *Whether the Court Erred in its Jury Instructions*

Defendant waived its argument that the Court improperly instructed the jury on an eggshell plaintiff theory.  Defendant gave the Court a single sentence of substance on this issue: "Here, an improper instruction was submitted under an eggshell plaintiff theory; no aggravation or eggshell instruction should have been submitted because no such instruction was supported by the evidence."  Mot. New Trial at 4.  While Defendant appears to wrestle with the *why*, saying that "no such instruction was supported by the evidence" is really a broad legal conclusion.[7] Defendant does not, for instance, point to the record, *cf. Coury*, 529 F.3d at 586, or explain why

---

[6] Defendant says, "Here the following evidence was incorrectly admitted over Walmart's objection: Olivia Beltran's testimony that tripping in the parking lot caused movement/migration of Plaintiff's preexisting spinal hardware."  *Id.* at 3.

[7] Compare this with Defendant's argument that "[t]he doctors lacked information on Plaintiff's prior injuries and surgery to [her] back and never reviewed the relevant medical records."  Mot. New Trial at 3.  The former does not engage with evidence, the latter does.

the evidence in the trial did not support an eggshell instruction, *cf. Willis*, 749 F.3d at 319. The Court DENIES Defendant's Motion for a New Trial insofar as it argues that the Court erred in submitting the eggshell plaintiff theory to the jury.

### 4. *Whether Improper Argument by Counsel was Prejudicial*

Defendant waived its argument that Plaintiff's unit-of-time argument substantially prejudiced Defendant.[8] Once again, the Court had a single sentence to work with: "A new trial should be granted because Plaintiff's unfair unit-of-time argument resulted in substantial prejudice, that is, led to an excessive award of damages." Mot. New Trial at 4.

Though Defendant cited a case, the citation only stands for the proposition that a court *can* grant a new trial when unfair argument results in a jury verdict that is "inconsistent with substantial justice." *Hall v. Freese*, 735 F.2d 956, 962 (5th Cir. 1984). Defendant does nothing to explain if *Hall* supports its argument. *See* Mot. New Trial at 4. Anyway, Defendant would have trouble using *Hall*. *Hall* does not bear on the propriety of Plaintiff's unit-of-time argument; *Hall* deals with injustice brought by racially prejudicial remarks made by trial counsel. *Hall*, 735 F.2d at 960–62.

Finally, once again, Defendant does not "point to any specific evidence in the record," *Coury*, 529 F.3d at 586, or "explain . . . why the facts" support the argument, *Willis*, 749 F.3d at 319. The Court DENIES Defendant's Motion for a New Trial insofar as it argues that Plaintiff's unit-of-time argument resulted in substantial prejudice.

---

[8] A unit-of-time argument breaks down damages on the basis of a unit-of-time, such as year-by-year, month-by-month, day-by-day, etc. *See, e.g.*, *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1240 (5th Cir. 1985) ("Breaking down a large time span into smaller parts of weeks, days or even hours holds a great appeal to a juror looking for a more understandable and manageable way to approach the task of fixing damages"; such argument may be improper if not "accompanied by a suitable cautionary instruction").

### 5. *Whether Defendant was Unfairly Surprised and Prejudiced by Testimony*

Defendant preserved its argument that testimony from certain witnesses actually prejudiced its case. Here, Defendant argues that Plaintiff did not properly disclose certain witnesses under Federal Rule of Civil Procedure 26. Mot. New Trial at 4. Defendant also cites back to earlier briefing in this case on the same issue. *Id.* While Defendant does not engage with why Plaintiff's disclosure *actually* prejudiced its case, Defendant does say that it "was unable to properly prepare for the testimony of these witnesses." *Id.* From that, it's a simple inference that the inability to properly prepare *may* lead to actual prejudice. But that's something Defendant needs to *prove*. Defendant must rebrief this issue.

### 6. *Whether the Verdict was Against the Great Weight of Evidence*

Defendant says:

Here, the following jury findings were against the great weight of the evidence:

a. that a premises condition posed an unreasonable risk of harm;
b. that Walmart knew or should have known of an unreasonable danger;
c. that Walmart failed to exercise ordinary care to protect Plaintiff, by both failing to adequately warn Plaintiff and failing to make the premises reasonably safe;
d. that negligence by Walmart proximately caused the occurrence in question;
e. that negligence by Walmart proximately caused the injuries claimed;
f. that past physical pain and mental anguish resulted from the occurrence;
g. that future physical pain and mental anguish will, in reasonable probability, results from the occurrence
h. that a preexisting injury or condition was not causing any symptoms at the time of the occurrence but made Plaintiff more susceptible to injury than a person without such an injury or condition; and
i. that damages resulted form the combination of a preexisting injury or conduction and the occurrence.

*Id.* at 1–2. With the exception of what the Court discusses below, Defendant does not further develop any of these contentions. *See generally id.*

Defendant does argue that the recent Supreme Court of Texas case, *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800 (Tex. 2022), supports a new trial in this case. In *United Supermarkets*, the Supreme Court of Texas held that a ¾-inch divot in a parking lot did not, as a matter of law, pose an unreasonable risk of harm. *Id.* at 802–03. *United Supermarkets* and Defendant's related argument does not support Defendant's motion for a new trial, which bears on a question of sufficiency of the evidence, not a question of law. *See Cates v. Creamer*, 431 F.3d 456, 460–61 (5th Cir. 2005). In the end, Defendant does not cite to case law or the trial record to support its position that the jury's verdict was against the great weight of evidence. Those arguments are undeveloped and thus waived. *Reagan*, 596 F.3d at 254–55 (argument waived when party only "list[ed] [] points of error"). The Court DENIES Defendant's Motion for a New Trial insofar as Defendant argues that the verdict was against the great weight of evidence.

### B. Defendant's Motion for Judgment as a Matter of Law

As discussed, Defendant's *United Supermarkets* argument goes to whether judgment should be entered as a matter of law. Defendant, however, did not make the same *United Supermarkets* argument in its motion for judgment as a matter of law as it did in its motion for a new trial. *Compare* Mot. J. Matter L. *with* Mot. New Trial at 1–2. In fact, Defendant did not even mention *United Supermarkets* in its motion for judgment as a matter of law. That said, Defendant has not waived its argument for judgment as a matter of law.

Because Federal Rule of Civil Procedure 50(b) permits the joint filing of a renewed motion for judgment as a matter of law and a request for a new trial under Federal Rule of Civil Procedure 59, the Court will read Defendant's two motions together. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (treating, "[o]ut of an abundance of

caution," Rule 50(b) arguments as incorporated in Rule 59 motion); *cf. Blumhorst v. Pierce Mfg., Inc.*, No. 4:10-cv-00573-RFB, 2014 WL 1319717, at *7–8 (D. Idaho Mar. 28, 2014) (considering a document in which the party moved for both judgment as a matter of law and for a new trial) *see also* FED. R. CIV. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court . . . to secure the just . . . determination of every action and proceeding."). *But see Braun v. Medtronic Sofamor Danek, Inc.*, 141 F. Supp. 3d 1177, 1191–92 (D. Utah 2015) ("All the posttrial arguments raised should not automatically be considered under both standards."). In this context, the Court sees no reason that it should blind itself to the arguments made in one motion while reviewing the other simply because those arguments are presented in separate documents.

Turning to Defendant's Motion for Judgment as a Matter of Law, Defendant begins by reciting the standard. Mot. J. Matter L. at 1. But it stops there. Defendant does nothing to tell the Court *why* it should grant judgment as a matter of law. Defendant only provides the Court with a list of conclusory reasons it should grant its motion. This is what Defendant says:

> Here, judgment as a matter of law in Walmart's favor is proper because the evidence was legally insufficient to support the following findings of the jury:
>
> j.  that a premises condition posed an unreasonable risk of harm;
> k.  that Walmart knew or should have known of an unreasonable danger;
> l.  that Walmart failed to exercise ordinary care to protect Plaintiff, by both failing to adequately warn Plaintiff and failing to make the premises reasonably safe;
> m.  that negligence by Walmart proximately caused the occurrence in question;
> n.  that negligence by Walmart proximately caused the injuries claimed;
> o.  that a preexisting injury or condition was not causing any symptoms at the time of the occurrence but made Plaintiff more susceptible to injury than a person without such an injury or condition; and
> p.  that damages resulted from the combination of a preexisting injury or condition and the occurrence.

*Id.* at 1–2.  Defendant does not cite (or even allude) to case law or the trial record.  Standing alone, this is inadequate.  *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1283 (11th Cir. 2009) ("Because [appellant] has failed to develop the argument or to offer any citation to the record in support of it, we deem the argument waived.").

But in its motion for a new trial, Defendant makes the *United Supermarkets* argument.  Mot. New Trial at 2.  Defendant also alludes to evidence in the record, though it does not cite the trial record.  *Id.*  With this briefing, Defendant, albeit in a separate motion, develops its argument for judgment as a matter of law.

In reading the motions together, the Court finds support for Defendant's motion for judgment as a matter of law in its motion for a new trial.  That said, because Defendant did not cite to the trial transcript or exhibits in support of its argument, Defendant must rebrief its motion for judgment as a matter of law.

### III.  CONCLUSION AND ISSUES FOR REBRIEFING

For the reasons provided, the Court **ORDERS** the parties to **REBRIEF** the following issues:

(1) Whether *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800 (Tex. 2022) compels the Court to enter judgment as a matter of law for Defendant.

(2) Whether a new trial or remittitur is proper because the jury's damages award was either a result of passion or prejudice or was so excessive that it is contrary to reason.

(3) Whether the Court improperly allowed Dr. Manuel Aranda, Dr. Scott Blumenfeld, Dr. Felipe Rodriguez, Dr. Karen Dickerson, Dr. Keith Johnson, and Dr. Bratislav Velimirovic to testify about causation, aggravation of prior injuries or conditions, and greater susceptibility to injury.

(4) Whether Defendant was surprised by the testimony of Olivia Beltran, Dr. Manuel Aranda, Dr. Scott Blumenfeld, Dr. Felipe Rodriguez, Dr. Karen Dickerson, Dr. Keith

Johnson, and Dr. Bratislav Velimirovic such that the surprise is inconsistent with substantial justice.

The Court **ORDERS** Defendant Wal-Mart Stores Texas, LLC to **FILE** its **REBRIEFING** by **September 23, 2022**. Defendant **SHALL NOT** rebrief any argument the Court deemed waived in this Order or any argument Defendant failed to raise in the motions addressed in this Order. Plaintiff Rebecca Paez **SHALL FILE** her response brief by **October 7, 2022**. Defendant **MAY FILE** a reply brief by **October 14, 2022**.

In rebriefing these issues, the Court **ORDERS** Defendant to cite to the trial record (transcript and exhibits) and to provide citations to statutes, rules, or case law that support its arguments. The Court **ADMONISHES** Defendant to develop its arguments.

The Court **WARNS** that it will not extend the briefing period for failure to timely file a request for the trial record.

The Court also **ORDERS** Plaintiff to cite to the trial record (transcript and exhibits) and to provide citations to statutes, rules, or case law that supports her arguments in response. The Court **ADMONISHES** Plaintiff to develop her arguments.

**So ORDERED and SIGNED this 9th day of August 2022.**

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE